[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12818
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2010
JOHN LEY
ACTING CLERK

Agency No. A095-255-587

VIVIAN LADY MANZANO-FERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 19, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Vivian Lady Manzano Fernandez, proceeding pro se, seeks review of the
Board of Immigration Appeal's ("BIA's") denial of her motion for reconsideration
of her motion to reopen her asylum case. Fernandez argues that she is entitled to

relief because the Immigration Judge ("IJ") and BIA violated Fernandez's due process rights when "they did not follow applicable regulations." After careful review, we deny her petition in part, and dismiss it in part.[1]

We review the BIA's denial of a motion to reconsider for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b)(1). Further, "we are divested of jurisdiction to consider a claim that was not presented to the immigration courts, as an alien must exhaust the administrative remedies available to [her] prior to obtaining judicial review." Al Najjar v. Ashcroft, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001) (internal quotation omitted).

---

[1] We note that only the BIA's order denying Fernandez's motion to reconsider is before us because Fernandez did not petition us to review the BIA's other decisions, and she is now precluded from raising any claims related to those decisions. 8 U.S.C. § 1252(b)(1) (providing that an alien has 30 days to file a petition for review); Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004) (holding that the statutory time limit for filing a petition for review is "mandatory and jurisdictional" and, therefore, not subject to equitable tolling).

First, we are unpersuaded that Fernandez is entitled to relief based on her argument, raised before the BIA in her motion to reconsider, that the IJ erred by finding that, because she was married to a Mexican national, Mexico constituted a third safe country.  Indeed, the BIA did not abuse its discretion in denying her motion to reconsider based on this argument because it does not relate to any alleged mistake of law or fact that the BIA made in denying her motion to reopen.  8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b)(1).  Rather, her motion to reopen focused on the facts that her husband was currently pursuing cancellation of removal, that she would derive immigration benefits if he obtained relief, and that her United States citizen daughter would suffer extreme hardship if Fernandez was removed to Colombia.  Thus, the BIA correctly determined that the argument in her motion to reconsider regarding a safe third country did not relate to any alleged error that the BIA made in denying her motion to reopen.  Accordingly, we deny Fernandez's petition based on this claim.

Fernandez's remaining arguments -- that her due process rights were violated because she was denied a full and fair asylum hearing, that she was "forced" to request voluntary departure, and that her deportation order resulted in a "gross miscarriage of justice" -- were not presented to the BIA in her motion to reconsider.  Therefore, she did not exhaust her administrative remedies with regard to these claims and we are divested of jurisdiction to consider them.  Al Najjar, 257

F.3d at 1285 n.14. Accordingly, we dismiss Fernandez's appeal regarding these claims.

Finally, Fernandez has abandoned any other arguments relating to the BIA's denial of her motion to reconsider because she failed to raise them on appeal. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (concluding a petitioner abandoned his issue by failing to raise it in his opening brief). Therefore, we deny Fernandez's petition in part, and dismiss it in part.

**PETITION DENIED in part, DISMISSED in part.**